UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TERRANCE T. WILLIAMS** | **CIVIL ACTION NO. 3:15-cv-2156** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **LEE HARROLD, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Terrance T. Williams, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 6, 2015. When he filed the complaint plaintiff was a pre-trial detainee confined at the Richland Parish Detention Center (RPDC)[1]. He complained that he was assaulted by a fellow prisoner at RPDC; that he was denied medical care; and that he was denied a grievance form. He sued Sheriff Lee Harrold and Warden Joel Weatherly seeking money damages, a reprimand, and permission to file charges against his assailant. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

On July 19, 2015, plaintiff was a pre-trial detainee at the RPDC. On that date, while he

---

[1] In a letter received and filed on August 31, 2014, plaintiff requested "all mail ... be sent to 102 Second St. #6, Delhi, LA 71232..." This appears to be a residential address; however, it is unclear whether plaintiff has been released from custody.

was in the line awaiting service of his meal, he was physically attacked by a Department of Corrections convict who was employed as a trusty and assigned to serve meals as a line worker in the prison dining hall. According to plaintiff, the inmate "cut from behind the serving line and struck [plaintiff] in [his] face..." A corrections officer intervened, separated the two, and both were taken to lock down. However, the next day plaintiff's assailant "... was promoted to a hall man;" he was not confined to lock down and was allowed to retain his trusty status. Meanwhile, plaintiff remained in lock down until July 24, 2015. Further, plaintiff received no medical attention and was returned to his dorm and told "to leave it alone." Finally, he was denied a grievance form and had to borrow one from another inmate.

*Law and Analysis*

*1. Screening*

As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's civil rights complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A, even though he has paid the full filing fee. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

*2. Failure to Protect*

When a pre-trial detainee, such as the plaintiff herein, alleges a failure to protect claim, it

2

arises under the Fourteenth Amendment's due process clause and the standard for judicial review of such claims is "deliberate indifference." *Hare v. City of Corinth*, 74 F.3d 633, 638 (5th Cir.1996) (*en banc*).   In other words, plaintiff's right to protection from inmate violence is measured by the standard of subjective deliberate indifference enunciated by the Supreme Court in *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Under that standard, a prison official is not liable for failing to protect either an inmate or a detainee unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  In order to prevail, plaintiff must establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and (2) actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never be the basis of a failure to protect claim. *Farmer*, 511 U.S. at 835; *Hare*, 74 F.3d at 642. The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).  In *Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.C. 1625, 1632 n. 8, 75 L.Ed.2d 632 (1983), the Court approved the following definition of wanton:  "'Wanton means reckless – without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 American and English Encyclopedia of Law 2-4 (2d ed. 905)

(footnotes omitted)."

Nothing in plaintiff's complaint suggests that either Sheriff Harrold or Warden Weatherly were guilty of deliberate indifference with regard to the unanticipated assault. Nothing suggests that anyone was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed; nothing suggests that anyone actually drew such an inference. Additionally, in considering whether defendants have failed to protect an inmate, Courts must look to whether there was a "substantial" or "pervasive" risk of harm preceding the assault. A "pervasive" risk of harm may not ordinarily be shown by pointing to a single or isolated incident as is the case here. *See e.g. Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir.1992) (holding a "pervasive risk" is something more than a single incident and something less than a riot).  Here plaintiff alleged no facts to suggest that the attack on him was at all foreseeable; indeed, he himself implies that the assault was unforeseeable. Prisoners are unlikely to recover under Section 1983 for injuries sustained in an isolated assaults unless they can prove that the authorities either "set him up" for the assault or deliberately ignored his repeated and clearly well-founded claims of danger. There are no allegations that the defendants set plaintiff up for the attack or ignored specific claims of danger prior to the attack.  The facts alleged do not demonstrate that the defendants inferred that plaintiff was at risk of an event such as the one complained of.  Finally, as noted above, it does not appear that the attack was a foreseeable consequence of any violations of prison policy. Therefore, plaintiff's failure to protect claim fails to state a claim for which relief may be granted.

Furthermore, plaintiff implies that the housing of detainees with convicts is unconstitutional; however, that is simply not the case. The housing of convicted inmates with

pretrial detainees is not *per se* unconstitutional. The Fifth Circuit's decision in *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981), specifically states that limitations on physical facilities might justify housing pretrial detainees with convicted inmates, that pretrial detainees have a right to be considered individually only to the extent that security and space requirements permit, and that imposition of greater security measures is warranted if an inmate has a long record of prior convictions or is likely to be violent. *See Jones*, 636 F.2d. at 1374. The allegations presented by plaintiff do not indicate that his being housed with the inmates who attacked him was unconstitutional.

### *3. Medical Care*

Plaintiff's medical care claim must also be evaluated under the same deliberate indifference standard discussed above. "[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a <u>wanton disregard</u> for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). Thus, even "... the failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of

mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).  Mere disagreement with diagnosis and treatment can never support a claim of deliberate indifference.  *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995);  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).

Here plaintiff implies that he was struck a single time by his assailant before the altercation was broken up by a corrections officer. He has described no injuries and has not alleged that he requested but was denied medical treatment. In other words, his medical care claim is frivolous.

*4. Criminal Charges*

Plaintiff also asks the Court to allow him to file assault charges, presumably against his assailant. There is no constitutional right to have a person criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La. C.Cr.P. arts. 61 and 62.

To the extent that plaintiff demands that he be allowed to pursue criminal charges against his assailant or anyone else, his claim is frivolous.

*5. Grievances*

Plaintiff also claims that he was denied a grievance form.  That claim does not allege a Constitutional violation. *Compare Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (Prisoners do not have a federally protected liberty interest in having their grievances resolved to their

6

satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless); (see also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991 *(per curiam)*) (concluding regulations providing for administrative remedy procedure do not create liberty interests in access to that procedure); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Moreover, plaintiff suffered no prejudice when prison officials denied him a grievance form since he was able to procure a form from a fellow inmate. In other words, his claim is frivolous.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted

in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 29, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**